UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANCIS BREMERMANN, JACQUELINE BREMERMANN, AND BREMERMANN MECHANICAL, INC. | * * * * | CIVIL ACTION NO.: |
| | * | DIVISION: |
| VERSUS | * * | |
| CITY OF KENNER, and ITS DEPARTMENT OF INSPECTIONS AND CODE ENFORCEMENT, ITS CITY ATTORNEY'S OFFICE, AND MAGISTRATE JUDGES SEAN ALFORTISH and BRUCE LIZANA, personally | * * * * * * * | SECTION: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT**

The complaint of Francis Bremermann and his wife Jacqueline Bremermann, both persons of the full age of majority and domiciled in Kenner, Louisiana; and Bremermann Mechanical, Inc., a Louisiana corporation (hereinafter "plaintiffs"), respectfully represent:

I.

This Honorable Court has original jurisdiction pursuant to 28 U.S.C. Section 1331, this case being a federal question. This is a continuing civil tort action arising from a violation of Plaintiffs' constitutional rights to equal protection and rights under the Constitution of the United States and under federal law. This case also involves violations by Defendants under Title 42 of the United States Code, Section 1983- civil action for deprivation of rights under "color of law" (42 U.S.C. Sec. 1983). The action also arises under the Constitution and laws of Louisiana. Plaintiffs additionally invoke the pendent jurisdiction of this court to hear and decide claims arising under state law and law of the City of Kenner.

II.

Plaintiffs Francis and Jacqueline Bremermann are elderly Kenner residents, married but once and then too each other, who have lived and worked in Kenner for many years and own and operate a "mom and pop" business known as Bremermann Mechanical, Inc.

III.

Made defendants are the City of Kenner, and its various departments, namely Inspections and Code Enforcement . The City of Kenner is also vicariously liable for the violations of its various employees in Code Enforcement, namely : Keith Chiro, Director of Code Enforcement, who was also in the newspaper recently for being arrested for DUI; Code Enforcement Officers/Inspectors: Earl Zahn, Paul Trippi, Aubrey Gaspard and Fred Gaudet. Perpetuating these abuses by Code Enforcement is the City

Attorney's Office of the City of Kenner, which has been particularly overzealous against Plaintiffs, namely attorneys Kurt Garcia, Christopher Weddle, Arthur Dupre, Jr. and Francine Weaker, by whose actions the City Attorney's Office is vicariously liable. Also personally liable are the Kenner Judges: Magistrate Sean Alfortish and Magistrate Bruce Lizana,, who do not act as objective judges but rather also perpetuate the abuses against Plaintiffs. The above listed persons at all material times were acting in course and within the scope of their employment and was acting under color of state law. They are also sued in their individual capacity, particularly if any are thrird- party contractors.

IV.

At various and continuous times since the early 1980's, to present, the City of Kenner and its agencies and employees, agents and individuals , have engaged in a pattern of continuously harassing Plaintiffs illegally and unnecessarily, including but not limited to the following situations and cases:

1. 1981 –Citation/Case #R-390.  Bremermann says he went to jail for 2 days over 6 iron posts he installed in his back yard at 1805 Taylor Street in Kenner.  Bremermann says he was cited but the case never went to trial.  Bremermann says it disappeared from the docket.

2. 1984 - 24th JDC cases # 364370. Appeal by Bremermann from the Kenner City Court citation for not having an occupational license for his business. When Bremermann applied for this license, Bremermann says he was denied it by Code Enforcement Keith Chiro.  So Bremermann obtained an occupational license in Jefferson Parish.

3 1994- Francis Bremermann and Bremermann Mechanical, Ins. fought and ultimately won, 24th JDC 459-665, Div.:"J",  Kenner city attorney Kurt Garcia listed as Kenner Attorney on dismissal of case styled "City of Kenner vs. Francis Bremermann and Bremermann Mechanical, Inc..".  This case also involved Keith Chiro, Director of Code Enforcement and employees  Bob LeGrange and Gayle Wang.  It again hit Bremermann for not having an occupational license in Kenner. The case was eventually dismissed in 24th JDC.

4.  2003 -2004   Kenner case R 8241  as  to the vehicle of Francis Bremermann parked under his carport.  This case was compromised, as the City of Kenner let Bremermann cover the vehicle, like everyone else in the neighborhood.

5.  2005- 2007   Mayor's Court, City of Kenner, Case # R-8563, Item # 05-02-801, styled "City of Kenner v. Bremermann Mechanical, Inc.."  Code Enforcement again charged Bremermann  with not having a Kenner Occupational License. The Kenner City Attorney was Kurt Garcia.  After a trial, a Judgment was handed down by Magistrate Bruce Lizana that charged Francis Bremermann  personally with jail time of 30 days in the Kenner City Jail, but the sentence was suspended by the Magistrate. He also hit Bremermann with a $500 fine and court costs of $59.50. He further put Francis Bremermann on 1 year unsupervised probation.  But Bremermann's attorney, the undersigned, filed a motion for a new trial saying said judgment was contrary to Kenner law, at which point said Magistrate deleted the criminal part but still found Bremermann guilty of failing to pay the occupational license tax in Kenner.  Said Judgment was appealed by the Bremermanns and Bremermann Mechanical,Inc. to the 24th JDC, Gretna, whereby said Judge Ross LaDart voided said judgment(s) in case #629-010, Div. "O" (7/27/2006).  Then Kenner appealed same to the 5TH Circuit Court of Appeal, #06-CA-703, which upheld Judge LaDart's  dismissal. Then the City of Kenner appealed same to the La. Supreme Court,  which refused writs 4/5/2007. (Other issues are still pending in  the 24th JDC case. )  This case and its various appeals  dealt with La.R.S. 47:341 to 363, specifically  La. R.S. 47:362 , where a contrator can designate his primary office for the purpose of the occupational license and its tax. It also dealt with Kenner law.

It should also be pointed out that the City of Kenner filed this case as a criminal proceeding when it had no right to, as it was only civil in nature, a clear abuse by the City of Kenner and its deputy city attorney, Kurt Garcia, and Magistrate Judge Bruce Lizana, who allowed same, and even tried to give Francis Bremermann a criminal record with jail time, even though he did suspend the sentence.

6.  2009    Kenner Citation #GW37489.  Issued by inspector Trippi with Dept.of Inspections and Code Enforcement..  This case never appeared  on the Court docket on 8/14/2009, although Bremermann was cited to go to the mayor's court  on that date. Status unknown.

7.  2009    Kenner Citation #GW 37586. Issued by  inspector Aubrey Gaspard.  On Court date of 9/11/2009  citation was again not on the court docket.  Bremermann says Mr. Trippi and Mr. Gaudet Inspectors ,told Bremermann that his property was going "to cost him a lot of money". After which Trippi then issued Bremermann  a citation RC 1374 for weeds and grass on his lot on Taylor Street, and another later- added  construction

equipment charge on the vacant lot. Bremermann pled not guilty in court on 10/2/2009. At this hearing the City of Kenner continued with their violations by not producing subpoenaed witnesses from Inspections and Code Enforcement. The City Attorney Christopher Weddle filed a motion to quash Bremermann's subpoenas. The trial was held (Bremermann was representing himself ) and he was found guilty as charged...for grass and weeds slightly above seven inches. But Bremermann says the ordinance says the grass cannot be over 15 inches, not a mere 7 inches..

Then Bremermann, continuing to represent himself, filed an appeal to RC 1374 in 24th JDC # 678-987. Kenner told Judge Murphy they would do a motion to vacate said judgment in May, 2010. The Kenner city attorney was Francine Weaker. She has yet to send Bremermann a signed copy of same and Bremermann does not think she ever filed it with the Court as promised.

8.  2009   At the trial referenced in 7. above, Bremermann was served with citation RC 1727, set for hearing on 11/20/2009, for construction equipment on said Taylor Street lot. At the trial Bremermann brought his own court reporter, they made him wait 3 ½ hours for the trial but did not hold the trial as scheduled.

Bremermann says Magistrate Judge Sean Alfortish took charge and instructed Trippi of Code Enforcement, and Weddle and , Dupre, Jr . (both City of Kenner Attorneys) that they must find other ordinances that Bremermann must be in violation of. A new trial was set for 12/4/2009. A verdict was rendered which Bremermman finally received on 3/4/2010. The verdict was "not guilty". But Bremermann feels based on what the Magistrate Judge told the inspectors and Kenner City Attorneys, the City of Kenner is looking for other things to cite him for in the future.

V.

IN SUMMARY, the Bremermanns and Bremermann Mechanical, ,Inc. had to fight these cases all through numerous courts, which they won. But they get a hollow victory because the local judges are reluctant to award damages against the City of Kenner. Thus Kenner accomplishes its primary purpose...if it cannot win, it makes the Bremermanns spend thousands and thousands of dollars protecting their constitutional rights. Even if Francis Bremermann represents himself, he had to take days off from work for a loss of wages and profits, and has to endure much emotional and mental distress. He has spent

in excess of $30,000 for attorney's fees thusfar.  His case,with damages, is in excess of $75,000.

VI.

Said actions by the City of Kenner and its agencies, employees and agents breached Plaintiffs' Constitutional rights to liberty, right to property, and right to equal protection under the 14th amendment to the U.S. Constitution , all without due process . These actions were  also  a  violation of. 42  U.S.C. 1983.

VII.

Plaintiffs are entitled to punitive damages/sanctions as well as compensatory damages and  attorney's fees, costs, and judicial interest.  Plaintiffs' claim for damages exceed $75,000, particularly in light of the attorney's fees spent, and in light of the City of Kenner's and the Magistrate Judges personally  and intentionally inflicting emotional distress.

VIII.

Plaintiffs will need an injunction if the City of Kenner continues to prosecute Plaintiffs on these repeated charges and continues to harass Plaintiffs pending this federal suit.

WHEREFORE  Plaintiffs pray that Defendants The City Of Kenner, and its Department of Inspections and  Code Enforcement, The City Attorney's Office of the City of Kenner and  personally  Magistrate Judges Sean Alfortish and Magistrate Judge Bruce Lizana be served and cited to appear and answer the foregoing allegations and after due proceedings had, there be judgment in  favor of Plaintiffs and against said

Defendants, jointly and severally, for the full measure of Plaintiffs' damages, together with legal interest, all costs of these proceedings, including attorney's fees and punitive damages or sanctions, and for all other general and equitable relief.

                              Respectfully submitted:

                                  S/
                              _____
                               Kathleen Cresson #4598
                               Cresson Law Firm
                               221 N. Clark St.
                               New Orleans, La 70119
                               Phone:  504-486-6666
                               Fax:  504-483-0038
                               Attorney for Plaintiffs

PLEASE SERVE:

THE CITY OF KENNER , and its Department of
Inspections and Code Enforcement and its City Attorney's Office
Through its City Attorney Office:
Keith Conley, City Attorney
1801 Williams Blvd.
Suite 100
Building C
Kenner, La. 70062
Phone: (504) 468-4080


PLEASE SERVE MAGISTRATE JUDGES:

BRUCE  LIZANA
AT THE KENNER'S MAYOR'S  COURT
1801 Williams Blvd.
Building A
Kenner, La.70062

SEAN ALFORTISH
At the KENNER'S MAYOR'S  COURT
1801 Williams Blvd.
Building A
Kenner, La. 70062

VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

FRANCIS BREMERMANN

who says, after being duly sworn, that he has read the forgoing Complaint and that it appears true and correct to the best of his knowledge and belief.

S/
_____
FRANCIS BREMERMANN

SWORN TO AND SUBSCRIBED before me this 11th day of September, 2010.

S/
_____
Kathleen Cresson, Notary  #20618